IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**,

                    v.

**GILBERT BRITO,**

        Petitioner.

No. 3:12-cr-00328-MO-1

OPINION AND ORDER

**MOSMAN, J.**,

      On April 22, 2015, Petitioner Gilbert Brito filed a Motion to Reduce Sentence [27]. The request was made pursuant to 18 U.S.C. § 3528(c)(2), United States Sentencing Guideline § 1B1.10, and Amendment 782 to the United States Sentencing Guidelines. While the government does not oppose a sentence reduction to 70 months, the low end of Defendant's new guideline range, it does oppose an additional 4-month reduction that Defendant seeks. Defendant argues that he is entitled to an additional 4-month reduction because the sentencing judge made a decision to run his federal sentence concurrently with a previously discharged 4-month state sentence. Defendant argues that this Court is barred from altering the concurrency decision, and therefore, must grant an additional 4-

1 – OPINION AND ORDER

month reduction. The government argues that no such concurrency determination was ever made because the sentencing court lacked any power to make such a determination.

## BACKGROUND

In 2012, Mr. Brito was convicted of possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(i). CR 24. Pursuant to a plea agreement, the parties agreed to recommend a sentence of 80 months' imprisonment, a slight downward variance from the guideline range of 84 to 105 months, utilizing factors set out in 18 U.S.C. § 3553(a). CR 18 ¶11. Prior to sentencing, Mr. Brito submitted a sentencing letter indicating that, after being arrested for the present offense, he received a 120-day jail sanction for violating post-prison supervision imposed on a prior state conviction. Def. Sent. Ltr. at 1 n.1. This sanction had been fully served prior to the sentencing in this case. Defendant asked the Court to "impose an adjusted concurrent sentence (*see* U.S.S.G. §5G1.3 & app n.3) of 76 months to effectively afford Mr. Brito with credit for all of the time in custody since the instant arrest." *Id.* The government did not oppose that request. *Id.*

At sentencing, the Court adopted the following guideline determinations from the Presentence Report:

    Base Offense Level (between 100 and 400 grams heroin) 26

    Total Offense Level 25

    Criminal History Category IV

    **Guideline Range 84 to 105 months**

CR 25 at 2. The Court imposed the requested sentence of 76 months' imprisonment: 84 months minus an 8-month adjustment as a result the 4-month variance the government agreed to and the 4-month "concurrency" reduction sought by Defendant. The judgment does not specify whether

the second 4-month adjustment was due to a concurrency determination or was simply an additional 4-month variance aimed at achieving the same functional result of a concurrent sentence.

On November 1, 2014, Sentencing Guidelines Amendment 782 went into effect, retroactively reducing by two levels most of the base offense levels in the U.S.S.G. § 2D1.1 Drug Quantity Table. Amendment 782 applies retroactively, U.S.S.G. § 1B1.10(d), and the parties agree that it has reduced Mr. Brito's guideline range by two levels as follows:

Amended Base Offense Level 24

Amended Total Offense Level 23

Criminal History Category IV

**Amended Guideline Range 70 to 87 months**

Mr. Brito now asks the Court to reduce his sentence to 66 months, which represents the low-end of his amended guideline range of 70 months, adjusted by 4 months to ensure that the sentence remains fully concurrent with his state sentence.

## DISCUSSION

### I. Concurrency Determination

I reject Defendant's argument that the sentencing judge determined that his federal sentence should run concurrently to his 120-day state law sanction. For the reasons set forth below, the sentencing court lacked any authority to order a concurrent sentence. Due to this lack of authority, the best explanation for the additional 4-month reduction Defendant received is that it was a downward variance granted to achieve the functional result of a concurrent sentence.

Defendant hangs his argument on the Supreme Court's decision in *Sester v. United States*. 132 S. Ct. 1463 (2014). In that decision, the Court said:

3 – OPINION AND ORDER

> Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings. . . . Section 3584 . . . is framed not as a conferral of authority but as a limitation of authority that already exists (and a specification of what will be assumed when the exercise of that authority is ambiguous). . . . The mere acknowledgment of the existence of certain pre-existing authority (and regulation of that authority) in no way implies a repeal of other pre-existing authority.

*Id.* at 1469. Defendant argues this passage stands for the proposition judicial authority to impose concurrent or consecutive sentences is broad, exceeding even the boundaries of 18 U.S.C. § 3584(a). While I decline to take a stance on the breadth of judges' common law authority to impose concurrent or consecutive sentences, it is clear from this passage that such a power exists. Proving the existence of this power, however, is only half the battle for Defendant. To complete the argument, Defendant must also prove this is a case where the sentencing court could exercise that common law power. He has not.

The government cites two cases that show this is not an instance where a court could exercise its common law concurrent vs. consecutive decision making power. In *United States v. Turnipseed*, the Ninth Circuit held, "If a defendant has been released from state prison after having served the term imposed, no term of imprisonment remains with which the federal sentence can run 'concurrently.'" 159 F.3d 383, 387 (9th Cir. 1998). In *United States v. Fay*, the Tenth Circuit held, "A district court, however, does not have the authority to impose a sentence to be served concurrently with a discharged sentence." (547 F.3d 1231, 1236 (10th Cir. 2008). Even assuming a court had broad authority to make concurrent vs. consecutive decisions, a court can only make a concurrency determination if there is a current existing sentence with which the new federal sentence can run concurrently. It defies the very definition of the word

4 – OPINION AND ORDER

"concurrent" to say that a sentence will be run contemporaneously or simultaneously to a sentence that has already been completed. It is simply not possible.

For example, imagine an overachieving high school senior who is enrolled in classes both at her high school and at the local community college. Such a student would be able to say that she is enrolled concurrently in high school and college. Over the course of the term, she will be earning credits against the requirements of both her high school and college degrees. The impact of this arrangement is that she will be able to graduate from community college a semester earlier than the average student.

Imagine a second student, one who has already graduated high school and is enrolled at the local community college. This student learns that the community college will give him credit for several advanced placement classes he completed while in high school. He is therefore able to achieve the same practical effect as the student who was concurrently enrolled in both institutions—graduate a semester early—without having been concurrently enrolled in both institutions. Although this student is able to use these credits against the requirements of his college degree, it would be incorrect for him to describe himself as concurrently enrolled in high school and community college. He was never in any way contemporaneously or simultaneously a student at the high school and the community college.

Applying this illustration to our case, our Defendant is the student who received the advanced placement credits and not the student who was concurrently enrolled in two educational institutions. Defendant's state sanction had run prior to his federal sentencing. It was over and done with. There was nothing left that could run concurrently with his federal sentence. Nevertheless, the sentencing court did appear to take that

5 – OPINION AND ORDER

sanction into account when it sentence Defendant. It appears to have granted Defendant "advanced placement credits" in the form of a 4-month variance due to his time in state custody. Unfortunately for Defendant, by the plain terms of the Amendment, this 4-month variance has no power to reduce his sentence below the low end of his newly calculated guideline range. Therefore, I decline to reduce Defendant's sentence below the 70 month low end of his new guideline range based on his concurrency argument.

## II.    Remaining Arguments

With regards to Defendant's remaining policy and constitutional arguments, I adopt the arguments in the government's briefing and therefore find no basis in law or fact to grant Defendant the additional 4-month sentence reduction he seeks. Defendant's request is denied.

## CONCLUSION

Defendant Brito's Motion to Reduce Sentence [27] is GRANTED in part and DENIED in part. Defendant's sentence is reduced to 70 months. Defendant's request for an additional 4-month reduction is denied.

IT IS SO ORDERED.

DATED this ___8th___ day of July, 2015.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge